IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNA WHITE                                                                                          PLAINTIFF

v.                                         CIVIL NO. 09-5275

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Donna White, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on February 16, 2007, alleging an inability to work since February 15, 2007, due to arthritis and lupus. (Tr. 126-128, 154). An administrative hearing was held on October 7, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 17-72).

By written decision dated April 20, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 80).

Specifically, the ALJ found Plaintiff had the following severe impairments: rheumatoid arthritis and an organic mental disorder. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 81). The ALJ found plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except that while the claimant is able to lift and/or carry ten pounds frequently, and occasionally twenty pounds, push and/or pull within the limits for lifting and carrying, sit for a total of six hours in an eight hour work day, and stand and/or walk for a total of six hours in an eight hour work day, the claimant requires the option of sitting, standing, and/or walking at her discretion.  She must be able to rely on notes and reminders in order to perform complex tasks and maintain schedules.

(Tr. 83). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a nursing instructor.[1]  (Tr. 86).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 22, 2009.  (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 6,7).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

---

[1] The Court points out that part of the vocational expert's findings are not included in the record.  (Tr. 235-244).

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520.

**III.   Discussion**:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff had the RFC to perform light, skilled work and that with this RFC Plaintiff could perform her past relevant work as a nursing instructor, which was classified as light, skilled work by the vocational expert. (Tr.86, 236). A review of the medical evidence reveals that Plaintiff has been diagnosed and treated for a

cognitive impairment, which included decreased memory and problems with critical thinking, organizing skills and multi-tasking, and that Plaintiff was undergoing cognitive rehabilitation under the guidance of Anne W. Stevens, Ph.D. (Tr. 577, 589-590). While there is not a RFC assessment completed by Dr. Stevens or any of Plaintiff's treating mental health professionals, there is an April of 2007 assessment completed by Dr. Jay Rankin, a non-examining medical consultant, opining that Plaintiff "may not be capable of working as a teacher" but should be capable of unskilled work. (Tr. 298). The Court is troubled by the ALJ's determination that Plaintiff could in fact perform skilled work when the medical professionals opined that due to Plaintiff's impairments she may not be capable of performing such work. Accordingly, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's mental RFC.

On remand, the ALJ is directed to obtain a mental RFC assessment from Plaintiff's treating and/or examining physicians asking the physicians to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative psychological exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a mental evaluation, and complete a mental assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

We further note that the medical evidence is somewhat ambiguous with regard to Plaintiff's physical limitations and her physical RFC. On remand, the ALJ is directed to address

interrogatories to Drs. Walton C. Toy and Robert Tomlinson, Plaintiff's treating physicians, asking them to review Plaintiff's medical records and complete a physical RFC assessment regarding Plaintiff's capabilities during the time period in question. These physicians should also be asked to address whether Plaintiff had reported significant side effects with the use of her prescribed medication.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

IV.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of January 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)